[No. 12441.   Department Two.   August 31, 1915.]

THE STATE OF WASHINGTON, *on the Relation of
W. V. Tanner, Attorney General, Respondent,* v.
NATIONAL MERCANTILE COMPANY,
LIMITED, *Appellant.*[1]

BUILDING AND LOAN ASSOCIATIONS—ACTIONS—CONDITIONS PRECED-
ENT—JURISDICTION—STATUTES. Jurisdiction of an action to enjoin
a foreign building and loan association from doing business in this
state in violation of the laws of the state cannot rest upon com-
pliance with 3 Rem. & Bal. Code, § 3601-20, requiring the state
auditor to give twenty days' notice to any savings and loan associa-
tion conducting its affairs in an unsafe or unlawful manner, since a
board of directors in a foreign jurisdiction could not be made amen-
able to the demand of such notice.

SAME—ACTIONS—JURISDICTION—CONDITIONS PRECEDENT — NOTICE—
WAIVER BY APPEARANCE. Where a foreign building and loan associa-
tion entered its general appearance and subsequently filed a demur-
rer in an action to enjoin it from doing business in this state, it
submitted itself to the jurisdiction of the court, and cannot ques-
tion the jurisdiction to enter judgment against it because of the
failure to give it a statutory notice prior to suit brought.

[1]Reported in 151 Pac. 244.

Appeal from a judgment of the superior court for King county, Irwin, J., entered March 21, 1914, in favor of the plaintiff, in an action to enjoin a corporation from doing a savings and loan business, and for the appointment of a receiver, tried to the court. Affirmed.

*John W. Roberts* and *Philip Tworoger*, for appellant.

*The Attorney General, Scott Z. Henderson, Assistant*, and *L. L. Thompson*, for respondent.

PER CURIAM.—Action by the *Attorney General* to enjoin appellant, a British Columbia corporation, from doing business in this state, and for the appointment of a receiver of any assets in this state, upon the ground that appellant is doing a savings and loan business in violation of the laws of this state. The relief prayed for was granted, and the company appeals.

This is the same company involved in *State v. Merrill*, 83 Wash. 8, 144 Pac. 925, and that case disposes of all the questions here involved save one. Appellant contends the lower court was without jurisdiction to enter the judgment complained of. This contention is based on § 20, ch. 110, Laws of 1913, p. 341, providing in part as follows:

"Whenever it shall appear to the state auditor that the affairs of any savings and loan association are in an unsound condition or that it is conducting its business in an unsafe or unlawful manner, the state auditor shall at once notify the board of directors of such association, giving them twenty days in which to restore the affairs to a safe and sound condition or to discontinue its illegal practices." 3 Rem. & Bal. Code, § 3601-20.

It is not contended by the *Attorney General* that such notice was given, nor was any attempt made to comply with the requirements of this section. Manifestly the jurisdiction of the court herein could not rest upon a compliance with this section, since appellant, being a foreign corporation with its board of directors resident within a foreign jurisdiction,

could not be made amenable to the demand of such notice, and the company could go on violating the laws of this state with impunity. The law never requires the doing of a useless or vain thing.

It is doubtful if § 20 has any application here, since it covers a situation where the affairs of a savings and loan association are in an unsound condition, and the purpose of the notice is to direct the attention of the board of directors to such condition, requiring them to remedy the evil within twenty days. This was not what was sought in instituting this action; the relief here demanded being an injunction against appellant doing business at all within this state.

In any event, appellant is not now in a position to question the jurisdiction of the court over it, since it entered its general appearance in the action and subsequently filed a general demurrer, thus submitting itself to the jurisdiction of the court.

The judgment is affirmed.